UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Randy Williams,** | **Civil No. 07-646 (PJS-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Holographic Label Converting, Inc., Scott LaBelle,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above matter came to the undersigned on June 14, 2007 on plaintiff Randy Williams' motion for default judgment (Doc. No. 5) and the defendants' motion for additional time to answer (Doc. No. 17). Joseph B. Nierenberg, Esq., appeared on behalf of Mr. Williams (Williams). Joseph Kaminsky, Esq., appeared on behalf of the defendants. The motion for default is referred to this Court for a report and recommendation under 28 U.S.C. § 636(b) and Local Rule 72.1(b).

**A.      Motion for Default Judgment**

The decision to grant default is committed to the discretion of the court. *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 (8th Cir. 1997). Default judgments are usually disfavored and should be avoided in circumstances where an opposing party has had "marginal failures to comply." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995).

When determining whether default judgment is appropriate, a court may initially consider whether the plaintiff has stated a claim for relief in the complaint. *See Moore v. United Kingdom*, 384 F.3d 1079,

1090 (9th Cir. 2004); *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002). If the complaint is well-pleaded, but the total judgment is not liquidated, the court shall hold a hearing on the amount to be recovered. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). Findings on the amount of judgment cannot be based on averments alone but may be founded on sworn affidavits. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Williams' claim for relief arises out of his employment with defendant Holographic Label Converting (Holographic). According to his complaint, Williams received health insurance coverage through this employment, with regular withholding of premiums from his salary. Holographic failed to remit these premiums to the insurer, and as a result, the insurance was cancelled. Williams had no notice of the cancellation, but Holographic continued to withhold premiums as if coverage was ongoing.

For reasons not stated in the record, Williams and his daughter were both hospitalized in November 2005. Williams submitted his health insurance information, but then discovered that this coverage had been terminated beforehand, and he was billed for the hospitalization costs.

Williams then brought this action for violations of the Employee Retirement Income Security Act (ERISA), among other claims. In his motion for default judgment, he relies entirely on his claim under ERISA and does not invoke his other claims for relief.

ERISA allows a plan beneficiary to bring suit for equitable relief where a plan fiduciary commits a breach of fiduciary duty. 29 U.S.C. § 1132(a)(3). If an employer appropriates insurance premiums to its own use, a fiduciary duty attaches and the employer may be held liable. *McFadden v. R&R Engine & Machine Co.*, 102 F.Supp.2d 458, 467 (N.D.Ohio 2000); *Jackson v. Truck Drivers' Union Local*

*No. 42 Health & Welfare Fund*, 933 F.Supp. 1124, 1135 (D.Mass. 1996).

Although this theory provides a basis for Holographic to be liable, it does not address the liability of Mr. LaBelle (LaBelle). The complaint states that LaBelle is the chief executive officer of Holographic and that he handled the insurance premiums. Where a corporate officer exercises discretion in the use of plan assets, then under ERISA, that officer may be held personally liable. *Briscoe v. Fine*, 444 F.3d 478, 487 (6th Cir. 2006); *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 350 (5th Cir. 2003); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1459-60 (9th Cir. 1995). Thus LaBelle can be liable in the same manner as Holographic.

Because Williams has a well-pleaded cause for relief, the analysis turns to the appropriate remedy. ERISA only provides equitable relief, which means that a plan beneficiary cannot recover *damages* but may recover *restitution*. This means that when calculating an appropriate award, a court grants the amount necessary to restore the wronged party to its original position, as if no wrong had occurred.

In circumstances where an employer has misappropriated premiums, this amount typically covers uncompensated medical expenses. The plan beneficiary cannot recover withheld premiums, however, as these would have been paid to maintain coverage. *McFadden*, 102 F.Supp.2d at 474; *Jackson*, 933 F.Supp. at 1137. The plan beneficiary may recover costs and attorney fees, which are awarded at the discretion of the court. 29 U.S.C. § 1132(g)(1); *McFadden*, 102 F.Supp.2d at 477-78; *Jackson*, 933 F.Supp. at 1147.

Williams has submitted affidavits that show the following. Because his health insurance was terminated, he acquired $10,820.66 in unpaid medical bills. Of this amount, he would have paid $600.00 in deductibles and copays, with $10,220.66 still owing. It is appropriate for Williams to be awarded

restitution in this amount.

Williams also seeks restitution of $1,568.97 for premiums withheld from his salary after he learned that his insurance was terminated. But as the previous analysis shows, his recovery is limited to the amount necessary to restore him, as if no wrong occurred. If a plan beneficiary was paying premiums in order to maintain coverage, that person cannot recover them, even though they were misappropriated. *McFadden*, 102 F.Supp.2d at 476. For this reason, Williams cannot recover the withheld premiums.

The remaining items are costs and attorney fees. According to an affidavit submitted by his counsel, Williams has paid $456.12 in expenses and accrued another $6,462 in attorney fees. As the attorney fees are not itemized, it is not possible to ascertain how much time Williams' counsel spent working on this case, or what rate was charged for this time. This Court concludes it is reasonable for Williams to be awarded $5,000.00 in attorney fees and the entire $456.12 in costs. When all the items are taken together, Williams is entitled to a judgment in the amount of $15,676.78.

**B.     Motion for Additional Time to Answer**

The defendants separately move for additional time to answer. This motion is, in effect, one to set aside entry of default. Rule 55(c) provides in relevant part that a court may set aside entry of default for good cause shown. As noted beforehand, a default judgment should be avoided where there are "marginal failures to comply." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995). The inquiry here, therefore, is whether the defendants' late appearance is attributable to good cause or a minor mistake.

The record shows that the defendants were served on February 5, 2007. In accordance with Rule 12(a), they were required to file an answer on or before February 26, 2007, but they did not do so. Williams' counsel in this matter, Joseph Nierenberg, Esq., contacted Jerry McDonald, Esq., in February

4

and March 2007. Mr. Nierenberg knew that Mr. McDonald had previously represented the defendants, but Mr. McDonald responded that he was no longer representing them.

Mr. Nierenberg then received a telephone message from Joseph Kaminsky, Esq., on April 5, 2007. Mr. Kaminsky advised that he might be representing the defendants. By another telephone message that same day, Mr. Nierenberg stated he was pursuing default and would not be dissuaded until the defendants took some opposing action.

Mr. Kaminsky did not reply. His ensuing actions are shown through some documents that, though not filed in this matter, he submitted as exhibits at the motion hearing. On April 11, 2007, Mr. Kaminsky prepared a notice of motion, for the purpose of seeking additional time to answer. In an affidavit Mr. Kaminsky executed that same day, he explained that LaBelle did not understand the consequences of the lawsuit against him and did not take prompt action to retain counsel. Mr. Kaminsky added that his office was having technical difficulties that impeded his ability to use the federal Electronic Case Filing system.

Even though these documents were ready on April 11, Mr. Kaminsky did not proceed with the motion. Williams filed his motion for default judgment on April 30, 2007, and the Clerk entered default against the defendants on May 9, 2007.

Two days before the motion hearing, the defendants filed their motion for additional time to answer. This motion did not comply with the Local Rules and the defendants made no attempt to cure these defects. The motion papers do not offer any statement of good cause for the defendants' untimely appearance or improper filing.

Where a defendant has actual notice of an impending default judgment, but does not take reasonable action to prevent this outcome, a court in its discretion may conclude there is no good cause

to set aside the default. *See Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997). The record here shows that the defendants were properly served in February 2007. In April 2007, they were aware that Williams would seek default judgment, and the defendants' counsel prepared some papers to prevent this outcome. Yet the defendants did not file for another two months.

The defendants had actual notice of impending default. They have not explained why, after receiving such notice, they delayed until the eve of the motion hearing to oppose default. Their late, defective filing is not a "marginal failure to comply," nor does it supply good cause to set aside the previous entry of default. The defendants are not entitled to additional time to answer, and instead, default judgment should be granted.

**C.     Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Williams' motion for default judgment (Doc. No. 5) be **GRANTED.**

2. The defendants' motion for additional time to answer (Doc. No. 17) be **DENIED.**

3. Default judgment be entered against the defendants in the amount of $15,676.78.

Dated this 23rd day of July, 2007.                     s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by August 9, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The

District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.